In the Matter of HARRY LEHMAN, Petitioner, *v.* SOLOMON E. SENIOR, as Chairman of the Workmen's Compensation Board of the State of New York, Respondent.

First Department, June 28, 1962.

*Robert H. Schaffer* for petitioner.

*Philip Kahaner* of counsel (*Louis J. Lefkowitz, Attorney-General*), for respondent.

*Per Curiam.* The charge that petitioner "failed to submit full and truthful reports of all findings" within paragraph (c) of subdivision 2 of section 13-d of the Workmen's Compensation Law, is technically sustained by the record. The statute authorizes the removal of a physician "from lists of those authorized to render medical care" under the Workmen's Compensation Law who has failed to submit "full and truthful medical reports" to the employer and chairman of the board.

Petitioner concedes that he submitted reports based upon a cardiac condition in connection with a claim for disability benefits without noting that the claimant had other physical conditions due to an injury for which the petitioner had also filed medical reports in a compensation claim. Several of the reports which the petitioner signed in connection with the injury claim, however, expressly noted that the claimant was suffering from a heart condition "unrelated" to the injury.

These reports were all before the Referee in adequate time before a decision was made in the compensation claim; and it

is clear that the Referee had before her at the time of decision the full medical situation of claimant in respect of both claims. She nevertheless held that there would be "No reimbursement for disability benefits paid as such benefits paid for unrelated condition." This became the final decision of the board in the compensation claim.

Thus it is not clearly demonstrated in this record that the failure of the petitioner to note earlier than he did in his compensation medical reports, or to note at all in his disability medical reports, that claimant had unrelated physical conditions, adversely affected the procedural course of either claim or adversely affected either carrier.

This has significance in this proceeding in reviewing the claimed excessiveness of punishment in the respondent's order suspending petitioner from the physicians' list for six months (Civ. Prac. Act, § 1296, subd. 5-a).

The committee on workmen's compensation and industrial medicine of the Kings County Medical Society to which the charge was first referred by the Workmen's Compensation Board recommended petitioner be suspended for two months; but the medical appeals unit of the Workmen's Compensation Board to which petitioner appealed recommended he be suspended for one month. The respondent as chairman of the Workmen's Compensation Board determined to impose a six months' suspension.

Although, as we have noted, there is evidence of a technical violation of the statute, it is not clearly demonstrated what effect the violation had upon the procedural course of the claims. The respondent first found generally that the "evidence adduced substantiates the charges preferred against Dr. Lehman." His decision then goes on: "He aided and abetted a patient in the collection both of workmen's compensation and disability benefits payments during the same period and in connection therewith filed conflicting and inconsistent medical reports. Moreover, he was not forthright in the testimony he gave before the Committee on Workmen's Compensation and Industrial Medicine of the Medical Society of the County of Kings."

The aiding and abetting of a patient in collecting the two kinds of benefits in the same period was not a part of the charge made against petitioner which the respondent reviewed; it is not demonstrated that it was wrong as a matter of law under this record; and it is a result which the Workmen's Compensation Board with all the facts before it formally sanctioned and permitted by its decision. Nor is the forthrightness of the testimony before the Kings medical committee any part of the charge.

It seems clear that these considerations led the respondent to increase the penalty imposed on the petitioner. If these matters are to be a basis for the penalty, there should be a clear and unequivocal finding that the incompleteness of the reports led to the payment of benefits which would not otherwise have been paid and there should be a finding that petitioner had reasonable notice in the charge he was called upon to meet that the forthrightness of his testimony before the professional committee would be within the scope of the proposed disciplinary action.

The determination should be annulled on the law, without costs and the proceeding remitted to the respondent for additional findings.

BOTEIN, P. J., VALENTE, STEVENS, STEUER and BERGAN, JJ., concur.

Determination unanimously annulled, on the law, without costs, and the proceeding remitted to the respondent for additional findings.